DOCKET NO. 436

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

IN RE ART MATERIALS ANTITRUST LITIGATION

TRANSFER ORDER*

    This litigation consists of thirteen actions pending in nine federal districts: three in the District of New Jersey; two each in the Eastern District of Pennsylvania and the Western District of Kentucky; and one each in the District of Massachusetts, the District of Maryland, the District of Maine, the District of Minnesota, the District of Vermont and the District of New Hampshire. Presently before the Panel is a motion, pursuant to 28 U.S.C. §1407, brought by Binney & Smith, Inc. (B&S), a defendant in the thirteen actions listed on the attached Schedule A, to centralize all actions in this litigation in the District of New Jersey for coordinated or consolidated pretrial proceedings.1/

    All parties favor or do not oppose transfer of the actions to a single district for coordinated or consolidated pretrial proceedings. The only dispute concerns the selection of the transferee district. Plaintiffs in four actions join B&S in urging centralization in the District of New Jersey. Plaintiffs in nine actions favor centralization in the Western District of Kentucky. Defendants The Joseph Dixon Crucible Company and its American Crayon Co. Division favor centralization in the Northern District of Ohio. Defendant American Art Clay Co., Inc. does not oppose transfer to the District of New Jersey, the Northern District of Ohio or the Eastern District of Pennsylvania. The remaining defendant in these actions, Milton Bradley Company, has no preference regarding choice of a transferee district.

---

*Judge Edward S. Northrop took no part in the decision of this matter.

1/ The motion included only four actions. The other nine actions are included in the matter before us because all parties to those actions have stated in writing their respective positions on the motion before us and have either appeared at the hearing or have waived oral argument.

    In addition, the Panel has been advised that two other related actions are now pending in federal district courts. These two actions will be treated as potential tag-along actions. See Rules 1, 9 and 10, R.P.J.P.M.L., 78 F.R.D. 561, 562, 567-69 (1978).

We find that these actions involve common questions of fact and that centralization of the actions under Section 1407 in the Northern District of Ohio will best serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation.

Although we are of the view that any of the districts suggested could be described as an appropriate transferee forum for this litigation, we conclude that the Northern District of Ohio is preferable. The fact that related grand jury proceedings occurred in the Northern District of Ohio tips the scales in favor of that forum under the circumstances in this litigation.[2]

The documents and transcripts of testimony on which the grand jury relied in returning its indictment are likely to be sought by the litigants in the thirteen actions presently before us, and those materials are located in the Northern District of Ohio. Furthermore, the United States Supreme Court, in Douglas Oil Company v. Petrol Stops Northwest, 441 U.S. 211 (1979), has required, with respect to access to grand jury materials in related antitrust actions, coordination between the court presiding over the grand jury proceedings and the court presiding over the related antitrust actions. This coordination can more easily be accomplished by selecting as transferee district the same district in which the grand jury sat. See In re California Armored Car Antitrust Litigation, 476 F. Supp 452, 454 (J.P.M.L. 1979).

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. §1407, the actions listed on the following Schedule A be, and the same hereby are, transferred to the Northern District of Ohio and, with the consent of that court, assigned to the Honorable Robert B. Krupansky for coordinated or consolidated pretrial proceedings.

FOR THE PANEL:

Andrew A. Caffrey
Chairman

---

[2] On July 8, 1980, a grand jury sitting in the Northern District of Ohio returned an indictment against three of the defendants in the actions listed on Schedule A.

SCHEDULE A

### Eastern District of Pennsylvania

Eisner & Sons, Inc. v. Milton Bradley Co., et al., C.A. No. 80-1732

Cumberland Farms Dairy, Inc. v. Binney & Smith, Inc., et al., C.A. No. 80-1599

### District of New Jersey

Roberts Brothers, Inc. v. American Crayon Co., et al., C.A. No. 80-790

Big D Building Corp., Inc. v. Joseph Dixon Crucible Co., et al., C.A. No. 80-1424

John J. Degnan, Attorney General of New Jersey, et al. v. Binney & Smith, Inc., et al., C.A. No. 80-1876

### Western District of Kentucky

Board of Education of Jefferson County, Kentucky v. Binney & Smith, Inc., et al., C.A. No. C80-0195-L(B)

Commonwealth of Kentucky v. Binney & Smith, Inc., et al., C.A. No. C80-0326-L (B)

### District of Maryland

State of Maryland, et al. v. Binney & Smith, Inc., et al., C.A. No. M-80-1569

### District of Maine

Richard S. Cohen, Attorney General of Maine, et al. v. Binney & Smith, Inc., et al., C.A. No. 80-0186 P

### District of Massachusetts

Commonwealth of Massachusetts v. Binney & Smith, Inc., et al., C.A. No. 80-0173 F

### District of Minnesota

State of Minnesota v. Binney & Smith, Inc., et al., C.A. No. 4-80-350

### District of Vermont

State of Vermont V. Binney & Smith, Inc., et al., C.A. No. 80-172

### District of New Hampshire

State of New Hampshire v. Binney & Smith, Inc., et al., C.A. No. C80-295-L